Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001059
27-SEP-2013
09:08 AM

NO. CAAP-11-0001059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NOLAN L.K. CRABBE, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDING PRISONER NO. 10-1-0090
(CRIMINAL NO. 00-1-0300))

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Nolan L.K. Crabbe appeals from the September 16, 2011 "Order Denying Hearing, Dismissing Petition To Vacate, Set Aside, Or Correct Judgment Pursuant to Rule 40, HRPP (Hawai'i Rules of Penal Procedure) And Summarily Denying Petitioner's Ex Parte Motions" (September 16, 2011 order) filed in the Circuit Court of the First Circuit[1] (circuit court).

I.

On June 9, 1998, the Respondent-Appellee State of Hawai'i (State) indicted Crabbe on one count of extortion in the first degree and one count of terroristic threatening in the first degree in Cr. No. 98-1244.  Represented by the Office of the Public Defender, Crabbe moved to dismiss the indictment.  On

_____

[1]  The Honorable Glenn J. Kim presided.

July 12, 1999, the circuit court[2] granted Crabbe's motion without prejudice on the basis that the circuit court found that the State failed to present clearly exculpatory evidence to the grand jury.

On February 15, 2000, the State indicted Crabbe, for a second time, in Cr. No. 00-1-0300 on one count of extortion in the first degree based on the same facts underlying the previous indictment in Cr. No. 98-1244. On September 12, 2000, Crabbe filed a motion to dismiss for failure to present clearly exculpatory evidence. On November 6, 2000, the circuit court[3] denied the motion because the exculpatory evidence had been presented to the grand jury, albeit in a different form.

On November 17, 2000, Crabbe filed a second motion to dismiss claiming that a prior ruling by Judge Town required dismissal of the indictment in Cr. No. 00-1-0300. The circuit court[4] denied the motion concluding that it was not bound by Judge Town's decision in Cr. No. 98-1244.

During a status conference, Myles Breiner (Breiner) replaced the Deputy Public Defender as Crabbe's attorney. Breiner then informed the circuit court that Crabbe wished to change his plea. The following exchange occurred:

MR. BREINER: Your honor, I've prepared a change of plea form. I've gone over it with Mr. Crabbe. I have a copy and the original and I believe three other copies are with the court.

THE COURT: Good afternoon, Mr. Crabbe.

[CRABBE]: Good afternoon, your honor.

THE COURT: It is the court's understanding that you wish to change your plea now to guilty to the charge of Extortion in the Third Degree; is that correct?

[CRABBE]: Yes, it is.

---

[2]     The Honorable Michael A. Town presided.

[3]     The Honorable Russell Blair presided.

[4]     The Honorable Reynaldo D. Graulty presided.

THE COURT: Okay. Okay. Because of that, the court will be asking you some questions, Mr. Crabbe, to make sure you understood the rights you may have had at trial. These rights you'll be waiving because you're pleading to the charge against you. You understand that?

[CRABBE]: Yes, your honor.

THE COURT: Okay. Could we have your full name please?

[CRABBE]: Nolan Lee Keliinohopono Crabbe.

THE COURT: Okay. And your age?

[CRABBE]: 43

THE COURT: And the last grade completed?

[CRABBE]: Six year college.

. . . .

THE COURT: You understand what the maximum jail time and fine is for Extortion in the Third Degree?

[CRABBE]: Yes, your honor.

THE COURT: And what is that?

[CRABBE]: A year imprisonment, $2,000 fine.

. . . .

THE COURT: Okay. Now, in this matter, in exchange for your plea, the State -- you do have an agreement with the State as reflected in a May 12th, 2001 letter; is that correct?

[CRABBE]: Yes.

THE COURT: And in that situation they are reducing the -- in exchange for your plea they are reducing this original charge down to Extortion in the Third Degree, correct?

[CRABBE]: Yes, your honor.

THE COURT: Also, that parties would be free to argue at sentencing in this matter, correct?

[CRABBE]: Yes.

THE COURT: In addition, you are agreeing to the revocation of your deferred acceptance of no contest in Criminal numbers 97-0304 and 97-1355, correct?

[CRABBE]: Yes.

3

THE COURT: And in that case, resentencing will also be open to both parties?

MR. BREINER: That's correct.

[CRABBE]: Yes, Your honor.

THE COURT: Okay. Now, the court has had some pretrial conferences regarding your matters in this case and the court has expressed that it is inclined to grant you probation. Now other than that, has there been any promises -- other promises, deals, favors made to you to change your plea in his case?

[CRABBE]: No, your honor.

THE COURT: Okay. Has there been any threat, coercion or pressure placed upon you to change your plea today?

[CRABBE]: No, your honor?

THE COURT: Are you satisfied with the work and advice your attorney has given you?

[CRABBE]: Yes, I am.

THE COURT: Factual statement?

. . . .

MR. BREINER: Your honor, yes, there is a factual for the plea to Extortion in the Third Degree.

. . . .

[DEPUTY PROSECUTING ATTORNEY (DPA)]: Judge, I'm happy with that. I'm happy with their -- there is a factual basis to the charge. All we need to make sure that Mr. Crabbe agrees that there is a factual basis.

THE COURT: Mr. Crabbe, you understand those representations made by your attorney that there is a factual basis for the existence of the charge?

[CRABBE]: Yes, I do. I understand it.

THE COURT: Thank you. And you accept that?

[CRABBE]: I accept it.

THE COURT: Thank you. Now, as to the charge of Extortion in the Third Degree, Mr. Crabbe, how do you plead?

[CRABBE]: Guilty.

4

On June 12, 2001, the following exchange occurred during sentencing:

THE COURT:            Based on the stipulation of the parties for an order revoking no contest pleas in Criminal Nos. 96-0-1355 and 97-0-0304, the court will grant such stipulated order and will be signing the stipulation revoking the previously given deferred acceptance of no contest plea.

Has counsel been able to review the presentence report in this matter? Any changes or corrections?

[DPA]:                Your Honor, there was no presentence report in 00-1-0300. However, the State has reviewed the presentence investigation report in Criminal Nos. 97-0304 and 96-0-1355. We have no changes, corrections, or additions.

THE COURT:            Thank you.

MR. BREINER:          Same for the defense, Your Honor. We agree by stipulation that a new PSI was not necessary since they essentially involved the same issues in these cases and parties as in the other two cases. Likewise we reviewed it. No additions or modifications.

THE COURT:            Thank you.

Any arguments as to sentencing, [DPA]?

[DPA]:                Your Honor, the State will ask the court to sentence Mr. Crabbe to probation for a term of five years in the felony matters and for one year in the 0300 matter. That was reduced to a misdemeanor. Standard terms and conditions. We also ask for a stay-away order[.]

MR. BREINER:          Your Honor, on behalf of Mr. -- excuse me. On behalf of Mr. Crabbe, we have no objection to the conditions outlined by [the DPA]. However, under the terms and conditions of the plea offer which is attached as an exhibit and the court agreed to be bound to the Rule 11 to the plea, although the defendant agreed to the revocation of his deferred acceptance in Criminal No. 97-0304 and 96-1355, the State insisted that -- and I'm quoting -- resentencing of those two cases, argument also open to the parties.

Under those terms, since in my mind we're starting from scratch and counsel is asking that [Crabbe] be placed on probation in all three cases including this one, we believe the court can effectively give him deferred acceptance and apply it across the board. So I'm asking on behalf of Mr. Crabbe that the court

5

permit the defendant a deferred acceptance of guilty plea in this matter.

. . . .

Under the circumstances we believe a deferred acceptance would be appropriate. These are the only issues that arise in his life that resulted in a criminal conviction. They're three years old going on four years on this violation. He's had no other violations on his deferred acceptance. There's been no issues of violence, drugs, not even a DUI or a traffic stop.

So he did well on the deferred acceptance. In my mind we believe the court has the authority because he's being resentenced to all three. I know the court --- or, excuse me, counsel disagrees with that interpretation, but that's my viewpoint of the statute and your authority.

[DPA]: If I can just briefly address myself to that. The State takes the position that because Mr. Crabbe has agreed to the revocation of his deferral status in the two felony matters that he is now statutorily ineligible for any further deferrals from this court. And we believe that such a disposition would be illegal. Thank you.

THE COURT: Thank you.

Mr. Crabbe, you also have the right and opportunity at this time to make a statement regarding sentencing that the court shall consider before sentencing you.

[CRABBE]: I just appreciate the court's time in reviewing this matter and the offers to the court as long as it's taken to resolve this matter. And I am confident that Your Honor will choose what is best for myself based on what's been presented so far.

THE COURT: Thank you.

Mr. Crabbe, the court will follow has had pretrial conferences regarding this matter, will follow the State's recommendation that there be five years probation given in the two felony matters with only special condition that you stay away from Harrison Mew and Island Auto Air, Inc., as that's the only two special conditions.

As to No, 00-1-0300, this misdemeanor, there will be one year probation. So basically, Mr. Crabbe, there aren't many special conditions to the probation on the standard conditions of probation we believe because of the circumstances involved here. I'm sure you have

6

a solid background of employment as well as
community service that is actually quite
impressive.  So I'm sure that you will maintain
your successful future and will not be returning
to this court.

The circuit court approved the stipulated agreement to revoke
Crabbe's deferred acceptance of no contest pleas in Cr. Nos.
96-1355 and 97-0304 and sentenced him to five years probation in
each of those cases.  The circuit court then sentenced Crabbe to
one year probation in Cr. No. 00-1-0300.

Nine years later, on November 17, 2010, Crabbe filed a
"Petition to Vacate, Set Aside, or Correct Judgment" (Petition).
Subsequently, Crabbe filed numerous motions and requests.  On
September 16, 2011, the circuit court denied the Petition finding
"Crabbe's claims to be patently frivolous and without trace of
support either in the record or from other evidence submitted[.]"
The circuit court also denied Crabbe's other motions and
requests.

II.

"[W]hether the trial court erred in denying a Rule 40
petition without a hearing based on no showing of a colorable
claim is reviewed de novo thus, the right/wrong standard of
review is applicable."  State v. Dan, 76 Hawai'i 423, 427, 879
P.2d 528, 532 (1994).

III.

For purposes of this appeal we need only address one of
the numerous issues Crabbe raises, whether he was entitled to a
hearing on his Rule 40 claim of ineffectiveness of counsel.
Because we conclude Crabbe was entitled to such a hearing we
vacate the September 16, 2011 order of the circuit court, making
Crabbe's other points on appeal premature.

HRPP Rule 40(f) provides that:

> [i]f a petition alleges facts that if proven would
> entitle the petitioner to relief, the court shall grant a
> hearing which may extend only to the issues raised in the
> petition or answer.  However, the court may deny a hearing
> if the petitioner's claim is patently frivolous and is

7

without trace of support either in the record or from other evidence submitted by the petitioner.

Hawai'i appellate courts have applied the following law in reviewing appeals from a denial of an HRPP Rule 40 petition:

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. *The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.*

Dan, 76 Hawai'i at 427, 879 P.2d at 533 (quoting State v. Allen, 7 Haw. App 89, 92-93, 744 P.2d 789, 792-93 (1987)).

The question posed in an effective assistance of counsel claim is "when viewed as a whole, was the assistance provided to the [defendant] within the range of competence demanded of attorneys in criminal cases?" State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (internal quotation marks omitted).

> [T]he defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test:
>
> 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

Id. (quoting State v. Fukusaku, 85 Hawai'i 462, 480, 946 P.2d 32, 50 (1997)).

Crabbe contends "Breiner fraudulently induced him into pleading guilty constituted ineffective assistance of counsel." (formatting and emphasis omitted). The circuit court in denying Crabbe's Rule 40 petition without a hearing apparently relied on the court's colloquy with Crabbe. Crabbe indicated that he was college educated, he understood the possible sentence for

pleading guilty, and that he agreed to the revocation of his deferred acceptance of no contest in Cr. Nos. 96-1355 and 97-304. Crabbe also indicated that he was not coerced and that he was satisfied with the work of his attorney.

Crabbe claims that he was induced to enter that plea. In his rule 40 petition, which was supported by his declaration, Crabbe claimed:

> BREINER UNLAWFULLY INDUCED CRABBE INTO A PLEA OF GUILTY, WITHOUT EXPLAINING TO CRABBE THE LEGAL EFFECT and EACH and EVERY CONSEQUENCE THAT WOULD RESULT FROM A PLEA OF GUILTY IN THIS 2000 CASE[.]

> IF BREINER WAS AS EFFECTIVE . . . CRABBE WOULD HAVE BEEN LAWFULLY AND PROPERLY ADVISED, SO THAT CRABBE COULD HAVE MADE AN INTELLIGENT CHOICE ABOUT PLEADING GUILTY IN THIS 2000 CASE. BUT BREINER WAS INEFFECTIVE AS CRABBE'S DEFENSE COUNSEL BECAUSE HE ILL-INFORMED CRABBE AND AVOIDED TELLING CRABBE THE ENTIRE TRUTH ABOUT THE CONSEQUENCES THAT WOULD RESULT FROM PLEADING GUILTY, BEFORE CRABBE MADE THE CHOICE TO DO SO.

> BY PLEADING GUILTY IN THIS 2000 CASE, CRABBE BECAME A CONVICTED FELON TO 3 FELONY COUNTS AS OF THE DATE THE JUDGMENT OF CONVICTION WAS ENTERED HEREIN, WHICH WAS JUNE 12, 2001. CRABBE WAS NOT AWARE THAT HE WAS A CONVICTED FELON SINCE THEN, BECAUSE BREINER ONLY TOLD CRABBE ABOUT THE CONSEQUENCES OF PLEADING GUILTY TO THE LESSER CHARGE OF EXTORTION IN THE THIRD DEGREE, AS A MISDEMEANOR.

> BY PLEADING GUILTY IN THIS 2000 CASE, THE MARCH 25, 1998 DANC PLEA CRABBE WAS GRANTED IN THE 1996 GUN CASE AND THE 1996 THEFT CASE, WAS REVOKED BY THIS COURT. IF CRABBE KNEW THAT THE MARCH 25, 1998 DANC PLEA WAS GOING TO BE REVOKED BEFORE CRABBE PLEADED GUILTY IN THIS 2000 CASE, CRABBE WOULD NEVER HAVE AGREED TO PLEAD AS BREINER ADVISED AND INDUCED CRABBE TO PLEAD.

> . . . .

> BREINER PUPOSELY DID NOT ADVISE CRABBE THAT WHEN CRABBE BECAME A CONVICTED FELON AS A RESULT OF HAVING HAD THE MARCH 25, 1998 DANC PLEA REVOKED IN THE 1996 GUN CASE AND THE 1996 THEFT CASE, AS SOON AS CRABBE PLEADED GUILTY IN THIS 2000 CASE, CRABBE WOULD BECOME ELIGIBLE AND SUBJECT TO BE SENTENCED AS A REPEAT OFFENDER, IF CONVICTED OF ANY FELONY AT ANY TIME AFTER CRABBE PLEADED GUILTY IN THIS 2000 CASE, AND SUBJECT TO AN EXTENDED MANDATORY TERM OF IMPRISONMENT, LIKE CRABBE WAS SENTENCED TO SERVE BY JUDGE DEXTER DEL ROSARIO ON JANUARY 27, 2010.

> . . . .

> BREINER told CRABBE ". . . just keep on doing what you're doing and keep your nose clean like you have been, and everything will be alright. THE ONLY DIFFERENCE IS THAT YOU'LL HAVE A MISDEMEANOR CONVICTION ON YOUR RECORD. EVEN

I'VE GOT ONE ON MY RECORD, AND ITS NO BIGGIE, YOU'LL BE FINE NOLAN.

BREINER also told CRABBE that CRABBE's probation was revoked. But when he articulated the NEW 5-YEAR PROBATION conditions of WHITE's guilty plea agreement offer to CRABBE BREINER DISSEMBLED THE TRUTH ABOUT THE MARCH 25, 1998 DANC PLEA, BY NOT BRINGING THE WORDS "DANC PLEA" INTO THE DISCUSSION, and thus INDUCED CRABBE TO BELIEVE THAT THERE WAS NO DIFFERENCE BETWEEN THE ORIGINAL 5-YEAR PROBATION WHICH WAS REVOKED; AND TO WHICH A DEFERRED ACCEPTANCE OF NO CONTEST WAS ATTACHED, AND THE NEW 5-YEAR PROBATION, WHICH DID NOT.

. . . .

NOT ONCE, DID BREINER TELL CRABBE TO HIS FACE, OR OTHERWISE, THAT CRABBE WOULD BECOME A CONVICTED FELON TO 3 FELONY COUNTS, AS SOON AS CRABBE PLEADED GUILTY IN THIS 2000 CASE.

. . . .

THE ONLY CONVICTION BREINER FOCUSED ON DURING HIS DISCUSSION WITH CRABBE ABOUT JULIAN WHITE's GUILTY PLEA AGREEMENT OFFER, WAS THE MISDEMEANOR CONVICTION[.]

(Emphases omitted.)

In his memorandum in reply to the State's answer to his Rule 40 petition, which was supported by his declaration, Crabbe alleged that: (1) shortly after advising Crabbe that Breiner could exonerate Crabbe at trial, Breiner "out of the blue" called Crabbe and advised him to accept the prosecutor's plea offer; (2) prior to the change of plea hearing, Breiner instructed Crabbe to agree to everything the judge asked at the hearing and to tell the judge that he understood everything and Breiner had explained everything; (3) Crabbe entered his plea in Cr. No. 00-1-0300 because, based on his discussions with Breiner, Crabbe understood that he "would be granted a brand new DANC plea with a new 5-year probation in consolidated cases Cr. No. 96-1355 and Cr. No. 97-0304, and a 1-year probation in Cr. No. 00-1-0300 to run concurrently" and that these cases would be "expunged from my criminal record"; (4) in response to the judge's questions at the change of plea hearing, Crabbe answered "yes" and said that he understood things, even though he did not, because Breiner

10

advised him to do so "in order to make the plea agreement work"; (5) Breiner did not present or explain the guilty plea form to Crabbe before the change of plea hearing, and Crabbe was not given the opportunity to read the form, but he signed the form at the hearing because he believed it reflected his discussions with Breiner; (6) Breiner concealed the guilty plea form from Crabbe because Breiner knew it contained terms that were inconsistent with the terms he discussed with Crabbe; and (7) if Breiner had disclosed the actual terms of the plea agreement to Crabbe, Crabbe would not have signed the guilty plea form or pleaded guilty in Cr. No. 00-1-0300.

In determining whether a hearing was required on Crabbe's Rule 40 petition, we must consider whether the petition "alleges facts that if proven would entitle the petitioner to relief[.]" HRPP Rule 40(f) (emphasis added). That is, "[t]o establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict [or outcome], however, a petitioner's conclusions need not be regarded as true." Barnett v. State, 91 Hawai'i 20, 26 979 P.2d 1046, 1052 (1999) (quoting Allen, 7 Haw. App at 92-93, 744 P.2d at 792-93) (block quote format altered, emphasis added).

Taking Crabbe's allegations as true would lead to the conclusion that Crabbe was denied effectiveness of counsel. Crabbe's allegations include that Breiner concealed the actual terms of the plea agreement from him, induced Crabbe into believing that his DANC pleas would remain in effect on his prior felony cases, and improperly advised him to plead guilty in Cr. No. 00-1-0300. The State did not submit an affidavit from Breiner in response to Crabbe's Rule 40 petition. Crabbe alleges Breiner made "specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence" and that "such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Richie, 88 Hawai'i at 39, 360

11

P.2d at 1247 (quoting <u>Fukusaku</u>, 85 Hawai'i at 480, 946 P.2d at 50) (block quote format altered).  Crabbe's guilty plea resulted in the waiver of important constitutional guarantees, including a right to trial, the privilege against self-incrimination, and the right to confront his accusers.  <u>See</u> <u>Reponte v. State</u>, 57 Haw. 354, 362, 556 P.2d 577, 583 (1976) "Such a waiver is not constitutionally acceptable unless made voluntarily and with full understanding of the consequence."  <u>Id.</u> (internal quotation marks omitted).

IV.

The September 16, 2011 "Order Denying Hearing, Dismissing Petition To Vacate, Set Aside, Or Correct Judgment Pursuant to Rule 40, HRPP And Summarily Denying Petitioner's Ex Parte Motions" filed in the Circuit Court of the First Circuit is vacated, and this case is remanded to the circuit court for hearing on Crabbe's Rule 40 petition.

DATED:  Honolulu, Hawai'i, September 27, 2013.

On the briefs:

Nolan L.K. Crabbe
Petitioner-Appellant pro se.

Sonja P. McCullen
Deputy Prosecuting Attorney,
City and County of Honolulu
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

12